1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVEN CASH,** | ) Case No.   **'11 CV0873 L   BLM** |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) **AND ROSENTHAL FAIR DEBT** |
| **I.C. SYSTEM, INC.,** | ) **COLLECTION PRACTICES ACT** |
| | ) |
| Defendant. | ) |
| _____ | ) |
| | ) |

## I.  INTRODUCTION

1.   This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III.  PARTIES

3.      Plaintiff, Steven Cash ("Plaintiff"), is a natural person residing in San Diego county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.      At all relevant times herein, Defendant, I.C. System, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).   Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV.  FACTUAL ALLEGATIONS

5.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.      On or about September, 2010, Defendant began calling Plaintiff in attempt to collect an alleged debt.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.      On at least one occasion, Defendant called Plaintiff on a Sunday.

8.      Defendant sent a letter to Plaintiff dated October 11, 2010, regarding the same alleged debt.  In that letter, Defendant threatens to report Plaintiff's alleged debt to all three credit reporting bureaus if the alleged debt is not paid within thirty days of Defendant's first letter to Plaintiff.

9.      On October 19, 2010, Plaintiff sent a letter to Defendant through U.S. Certified mail.  In his letter, Plaintiff requested validation of the alleged debt.   Plaintiff also advised Defendant to stop calling him.  Plaintiff's letter was received by Defendant on October 22, 2010.

10.     Defendant continued to call Plaintiff after receiving his cease and desist letter.

11.     Defendant failed to provide Plaintiff with the requested validation of the alleged debt.

12.      Despite Defendant's threat in its October 11, 2010, letter to Plaintiff, the alleged debt has not been placed on Plaintiff's credit report.

13.     Plaintiff's counsel sent two letters to Defendant in attempt to resolve this matter.  Defendant denies doing anything wrong.

14.     Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

        a) Causing a telephone to ring repeatedly or continuously
           to annoy Plaintiff (Cal Civ Code §1788.11(d));

1

2      b) Communicating, by telephone or in person, with
          Plaintiff with such frequency as to be unreasonable and
3          to constitute an harassment to Plaintiff under the
4          circumstances (Cal Civ Code §1788.11(e));

5      c) Causing Plaintiffs telephone to ring repeatedly or
6          continuously with intent to harass, annoy or abuse
          Plaintiff (§1692d(5));
7

8      d) Communicating with Plaintiff at times or places which
          were known or should have been known to be
9          inconvenient for Plaintiff  (§1692c(a)(1));
10

11     e) Communicating with Plaintiff after having received a
          letter from Plaintiff with a request to cease and desist all
12          collection contacts or a statement that Plaintiff refuses
13          to pay the debt (§1692c(c));

14     f) Using false representations and deceptive practices in
15          connection with collection of an alleged debt from
          Plaintiff (§1692e(10);
16

17     g) After having received a written communication from
18          Plaintiff disputing the debt, continuing to contact
          Plaintiff without having first having provided validation
19          of the debt (§ 1692g(b)); and
20

21     h) Communicating or threatening to communicate credit
          information which is known or which should be known
22          to be false (§1692e(8)).
23

24     15.    As a result of the above violations of the FDCPA and RFDCPA

25
Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal
26

27   humiliation, embarrassment, mental anguish and emotional distress, and

28

Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16.   Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   Declaratory judgment that Defendant's conduct violated the FDCPA;

B.   Actual damages;

C.   Statutory damages;

D.   Costs and reasonable attorney's fees; and,

E.   For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

17.   Plaintiff reincorporates by reference all of the preceding paragraphs.

18.   To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

19.   Further, *§1788.17* of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to

the remedies in Section 1692k of, Title 15 of the United States Code statutory

regulations contained within the FDCPA, *15 U.S.C. §1692d, and §1692d(5).*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered

against the Defendant for the following:

> A. Declaratory judgment that Defendant's conduct
> violated the RFDCPA;
> B. Actual damages;
> C. Statutory damages for willful and negligent violations;
> D. Costs and reasonable attorney's fees,
> E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 23rd day of April, 2011.

> By:     **s/Todd M. Friedman**
> Todd M. Friedman (216752)
> Law Offices of Todd M. Friedman, P.C.
> 369 S. Doheny Dr. #415
> Beverly Hills, CA 90211
> Phone: 877-206-4741
> Fax: 866-633-0228
> tfriedman@attorneysforconsumers.com
> Attorney for Plaintiff